UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL S. MISEO, | : |
| Plaintiff, | : Civil Action No. 16-8194 (FLW)(DEA) |
| v. | : **REPORT AND RECOMMENDATION** |
| ANGELA RODOGIANNIS, | : |
| Defendant. | : |

ARPERT, Magistrate Judge

This matter comes before the Court *sua sponte* based on Plaintiff's failure to prosecute this case and his failure to comply with this Court's Orders. For the reasons set forth below, it is respectfully recommended that this matter be dismissed with prejudice.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Daniel S. Miseo initiated this litigation on or about October 13, 2016, by filing a Domestic Violence Civil Complaint and Temporary Restraining Order in the Superior Court of New Jersey, Chancery Division, Family Part, Hunterdon County. Defendants removed the case on November 2, 2017. Shortly thereafter, the Court scheduled an initial conference for January 17, 2017. *See* Text Order dated November 4, 2016. Plaintiff did not appear at the January conference. An in-person status conference was then scheduled for March 28, 2017. Plaintiff failed to appear on that date as well. On April 6, 2017, this Court entered an Order directing Plaintiff to show cause why this matter should not be dismissed for failure to prosecute and for failure to comply with the Court's Orders. Plaintiff did not respond to this Order to Show Cause.

## II. DISCUSSION

"A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). Ordinarily, in deciding whether to impose an involuntary dismissal, the Court employs a six-factor balancing test. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). These factors include: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim." *Id.*

This case was commenced in state court and removed to this Court five months ago. Since that time, it appears that Plaintiff has done nothing to prosecute this case. Plaintiff did not appear at the Court's initial scheduling conference; Plaintiff did not appear at the subsequent in-person status conference; and Plaintiff did not respond to the Court's Order to Show Cause. At no time has Plaintiff been in contact with the Court to, for example, request an adjournment or explain his absences. Plaintiff simply has not participated in this case since it was removed in November 2016.

Here, because of Plaintiff's repeated failures, dismissal would be appropriate even without balancing the *Poulis* factors. *Abulkhair v. New Century Fin. Servs., Inc.*, 467 Fed. Appx. 151, 153 (3d Cir. 2012) ("Where … a plaintiff refuses to proceed with his case or otherwise makes adjudication of [the] case impossible, a balancing of the *Poulis* factors is not necessary.")

Nevertheless, giving consideration to the *Poulis* factors, the Court concludes that the circumstances warrant dismissal of Plaintiff's Complaint.  First, as Plaintiff is proceeding without counsel in this matter, his failures are his responsibility alone.  Second, the prejudice of Plaintiff's failure to participate in this matter is clear, as both the Defendant and the Court have spent time and resources on this case and it has not moved a single step toward resolution since it was removed.  Third, the delays resulting from Plaintiff's failures have existed for the entire case.  Fourth, as Plaintiff has not responded to any of this Court's Orders or otherwise been in contact with the Court to explain his failures, the Court can only conclude that his actions are willful.  Fifth, Plaintiff's inaction and repeated failures to comply with the Court's Orders prevents the Court from fashioning, if appropriate, an alternative sanction that might ensure future compliance.  Finally, given Plaintiff's failure to provide this Court an adequate reason for his lack of prosecution of this action, it is difficult to assess the merits of his claim.  Thus, at best, this factor is neutral in the overall *Poulis* analysis.  On balance, the Court concludes that these factors weigh in favor of dismissal of this action.

## III.     CONCLUSION

For the reasons set forth above;

**IT IS** on this 1st day of May, 2017,

**RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with

a copy thereof. The Clerk of Court is directed to serve the parties with notice upon filing this Report and Recommendation; and it is further

**ORDERED** that the Clerk shall serve a copy of this Report and Recommendation on Plaintiff and Defendant by first class mail.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge