# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DANIEL S. MISEO,

    Plaintiff,

v.

ANGELA RODOGIANNIS,

    Defendant.

Civil Action No.: 16-8194 (FLW) (DEA)

**ORDER**

**THIS MATTER** having been opened to the Court by the Magistrate Judge's Report and Recommendation, concluding that the Complaint, filed by *pro se* plaintiff Daniel S. Miseo ("Plaintiff"), be dismissed with prejudice for failure to prosecute; it appearing that, on October 13, 2016, Plaintiff commenced this action against defendant Angela Rodogiannis ("Defendant") in New Jersey Superior Court, and that Defendant removed this matter on November 4, 2016; it appearing that, after removal, Plaintiff failed to appear at the initial pretrial conference on January 17, 2017; it appearing that the Magistrate Judge subsequently scheduled a status conference on March 28, 2017, but Plaintiff also failed to appear at that conference; it appearing that, on April 6, 2017, the Magistrate Judge ordered Plaintiff to show cause as to why this matter should not be dismissed for failure to prosecute and failure to comply with court orders; it appearing that Plaintiff did not respond to the order to show cause, nor did he request an adjournment to explain his absences; it appearing that the Magistrate Judge issued this Report and Recommendation, on May 1, 2017, finding that dismissal is appropriate here, since Plaintiff has failed to participate in this litigation; it appearing that Plaintiff did not file an objection to the Report and Recommendation, although the order notified Plaintiff that his case was subject to dismissal; it appearing that, pursuant to Federal Rule of Civil Procedure 41(b), a district court

1

may *sua sponte* dismiss a complaint for failure to prosecute, see Iseley v. Bitner, 216 Fed. Appx. 252, 254-55 (3d Cir. 2007), but courts must balance six factors to determine whether dismissal with prejudice is appropriate: "(1) the extent of the party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense," Poulis v. State Farm Fire & Cas. Co., 474 F.2d 863, 868 (3d Cir. 1984) (emphasis in original); it appearing that the first factor weighs against Plaintiff, since he is responsible for the progress of this case, notwithstanding the fact that he is proceeding without counsel, see Muhammad v. Court of Common Pleas of Allegheny County, 532 Fed. Appx. 106, 108 (3d Cir. 2013) (concluding the first Poulis factor weighed against the plaintiff because "a *pro se* litigant [] is solely responsible for the progress of his case.") (internal quotation marks and citations omitted); it appearing that, with respect to the second factor, Defendant has been prejudiced because, Plaintiff has denied Defendant the opportunity to effectively prepare a defense in this case by not engaging in the process for approximately seven months, see Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (stating that, under Poulis, "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."); it appearing that the third factor also weighs against Plaintiff, since he has demonstrated a history of continued unresponsiveness, including failing to appear at court-ordered conferences with the Magistrate Judge, as well as failing to respond to an order to show cause pertaining to those absences, see Muhammad, 532 Fed. Appx. at 108; Taylor v. United States, No. 14-0249, 2014 U.S. Dist. LEXIS 55313, at *3-4 (D.N.J. Apr. 21, 2014); it further appearing that Plaintiff has

"consistently and willfully refused to participate in discovery… or otherwise move his case forward," and as such, the fourth factor weighs in favor of dismissal, see Muhammad, 532 Fed. Appx. at 108 (explaining that the plaintiff did not "comply with the District Court's numerous discovery-related orders, [or] appear at mandatory status conferences"); it appearing that dismissal is appropriate, under the fifth factor, because the Magistrate Judge warned Plaintiff that his failure to prosecute this case would result in dismissal, but Plaintiff still did not respond to the order to show cause or object to the Report and Recommendations, see Taylor, 2014 U.S. Dist. LEXIS 55313, at *4-5 (finding that, when the plaintiff is warned that failure to respond to a court order could result in the dismissal of his case, but he still fails to respond, the fifth Poulis factor warrants dismissal); it appearing that, assuming the claims in the Complaint have arguable merit, the final factor, alone, cannot overcome the other factors that weigh heavily in favor of dismissal, see Ware, 322 F.3d at 222 (stating that "no single Poulis factor is dispositive"); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (explaining that "not all of the Poulis factors need be satisfied in order to dismiss a complaint."); it appearing that the Court finds the Magistrate Judge's reasoning sound, and that the Poulis factors weigh in favor of dismissal with prejudice, especially since Plaintiff has repeatedly failed to comply with court orders, and he did not object to either the order to show cause or the Report and Recommendation; the Court having reviewed the Magistrate Judge's Report and Recommendation, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 12th day of June, 2017,

**ORDERED** that the Magistrate Judge's Report and Recommendation, dated May 1, 2017, is hereby **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE** for

failure to prosecute; and it is further

**ORDERED** that this case shall be marked **CLOSED**.

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge